**SHELDON POLLACK CORPORATION, Appellant,**

v.

**PIONEER CONCRETE OF TEXAS, INC., Appellee.**

No. 05–88–00065–CV.

Court of Appeals of Texas, Dallas.

Jan. 31, 1989.

Rehearing Denied March 3, 1989.

Lionel M. Schooler, Houston, for appellant.

William D. Weber, Houston, for appellee.

Before WHITHAM, BAKER and THOMAS, JJ.

BAKER, Justice.

Judgment was rendered against Sheldon Pollack Corporation on its bond to indemnify the mechanic's and materialman's lien claim filed by Pioneer Concrete of Texas, Inc. In this appeal, Pollack asserts four points of error contending that the district court erred: (1) by failing to file findings of fact and conclusions of law after its timely request; (2) because the undisputed evidence demonstrates that Pollack is not liable on the bond to indemnify Pioneer's mechanic's lien; (3) because Pioneer submitted no evidence or insufficient evidence of the sale, delivery, and consumption of the materials on the project; and (4) in awarding Pioneer its attorney's fees because Pioneer introduced no evidence or insufficient evi-

dence to show that the fees awarded were proved or were reasonable.

We affirm in part and reverse and remand in part.

Pioneer sold concrete to Star General Concrete of Texas, Inc., for Star to use as a subcontractor to Pollack, the general contractor, on the construction of a shopping center in Plano, Collin County, Texas. Star did not pay all of Pioneer's account. Pioneer then timely filed a mechanic's and materialman's lien on the project and gave notice of the filing of the lien to Pollack. Pollack, as principal, and Insurance Company of America, as surety, posted a bond to indemnify Pioneer's lien. When Star failed to pay Pioneer, Pioneer sued Star on a sworn account and also sued Pollack and INA on the indemnity bond. In a nonjury trial, judgment was rendered in favor of Pioneer against Star on the account. The trial court also found in favor of Pioneer against Pollack as principal on the indemnity bond, and rendered judgment for principal, interest, and attorney's fees. The trial court found in favor of INA against Pioneer. Pollack appeals on its liability as principal on the indemnity bond.

█ In its first point of error, Pollack complains that the trial court's failure to file findings of fact and conclusions of law, despite Pollack's timely request and reminder, mandates that this cause be reversed and remanded for trial. Pollack asserts that the trial court's failure constitutes reversible error because injury is presumed unless the contrary appears. *See Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117, 119 (1944). However, it is equally true that if the record before the appellate court affirmatively shows that the complaining party suffered no injury, then the trial court's failure to file findings of fact or conclusions of law does not require a reversal of the judgment. *See Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 256 (Tex.1984); *Wagner,* 178 S.W.2d at 120.

█ The test of whether there is harm depends on whether the circumstances of the particular case would require an appellant to have to guess the reason or reasons that the trial judge has ruled against it. In factually complicated situations in which there are two or more possible grounds for recovery or defense, an undue burden would be placed upon an appellant. *See Fraser v. Goldberg,* 552 S.W.2d 592, 594 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). The issue is whether there are disputed facts to be resolved. *See Barnes v. Coffman,* 753 S.W.2d 823 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Pollack asserts that there is a dispute as to its liability on the indemnity bond, a dispute as to Pioneer's proof of its sale and delivery of the materials, and a dispute as to Pioneer's failure to properly prove reasonable attorney's fees.

Pioneer contends that a full statement of facts has been filed, that its sole cause of action against Pollack was based upon the indemnity bond, that it properly proved the sale and delivery of the materials to the project, and that the attorney's fees awarded by the court were reasonable. We have reviewed the record and conclude that with the exception of the attorney's fees issue, an abatement of this appeal solely for the purpose of compelling the trial court to file findings of fact and conclusions of law would serve no useful purpose. For reasons that will become apparent in our following discussion, we overrule appellant's point number one.

In its second point, Pollack contends that the trial court erred in granting Pioneer judgment because the undisputed evidence shows Pollack was not liable on the indemnity bond. Pollack, as principal, posted the indemnity bond in question in accordance with the provisions of section 53.171 of the Texas Property Code. *See* TEX.PROP. CODE ANN. § 53.171 (Vernon 1984). The terms of the bond complied with the provisions of section 53.172 of the Texas Property Code; however, it contained an additional clause which reads:

PROVIDED, HOWEVER, there shall be no liability under this bond to the Obligees, or either of them unless the said Obligees, or either of them, shall make payments to the Principal strictly in accordance with the terms of said Contract

as to payment, and shall perform all of the other obligations to be performed under said contract at the time and in the manner therein set forth; all of the acts of one Obligee being binding on the other.

The attached bond shall be subject to all of its terms, conditions and limitations except as herein modified.

Pollack argues that the owner of the project, one of the obligees on the bond, failed to pay under the contract with Pollack. Since the owner failed to pay, Pollack argues that Pioneer, as another obligee, is bound by the condition; and therefore, it as principal was released from its obligation to Pioneer as obligee.

Pioneer concedes that its sole cause of action against Pollack is based upon Pollack's liability under the indemnity bond. Pioneer asserts that it complied with all of the statutory requirements to proceed against the bond and that the only arguable reason for absolving Pollack from liability is the imposition of the rider condition against it. Pioneer argues that the rider provision is unenforceable and void because it conflicts with the provisions of section 53.172 of the Texas Property Code and the public policy of the lien and bond laws. We agree with Pioneer.

■ Where a bond is executed with the intention of the parties to comply with the requirements of a statute, the terms of such statute will become a part of such obligation, by incorporation, even though the bond itself is otherwise silent as to the statutory obligations. *See Grimes v. Bosque County,* 240 S.W.2d 511, 516 (Tex.Civ. App.—Waco 1951, writ ref'd n.r.e.). The statute establishing the terms of the indemnity bond contains no limitation of liability such as that made a part of this bond by the rider referred to above. It is our opinion that this bond provision, because it exceeds the statutory limitations of liability, is unenforceable as to Pioneer. *See Langdeau v. Great American Ins. Co.,* 369 S.W.2d 944, 951 (Tex.Civ.App.—Austin 1963), *rev'd on other grounds,* 379 S.W.2d 62 (Tex.1964).

■ Pollack argues that reversal of this judgment would bring no harm to Pioneer because Pioneer can still pursue its lien claim against the owner of the project. Pollack's reliance on *University Savings and Loan Ass'n v. Security Lumber Co.,* 423 S.W.2d 287 (Tex.1967), as authority for this position is misplaced. Because of the express terms of the Property Code, Pioneer cannot pursue a lien claim against the owner. TEX.PROP.CODE ANN. § 53.171(c) (Vernon 1984); *Nixon Constr. Co. v. Rosales,* 437 S.W.2d 52, 54 (Tex.Civ. App.—El Paso 1969, writ ref'd n.r.e.). We overrule Pollack's second point of error.

■ In its third point of error, Pollack contends that the judgment was erroneous because Pioneer presented no evidence or insufficient evidence of the sale, delivery, and consumption of the materials on the project involved. One of Pollack's assertions is that Pioneer failed to prove that the materials were actually consumed in the construction of the project. The authorities relied upon by Pollack for this proposition involve public works contracts. *See Brown & Root v. Durland,* 126 Tex. 20, 84 S.W.2d 1073 (Tex.Comm'n App.1935, opinion adopted); *John F. Buckner & Sons v. Arkansas Fuel Oil Corp.,* 301 S.W.2d 325 (Tex.Civ.App.—Waco 1957, no writ); *National Surety Corp. v. Dabney,* 282 S.W. 2d 70 (Tex.Civ.App.—Waco 1955, no writ). While this is the rule for public works projects, such is not the rule on private projects. *Houston Fire and Casualty Ins. Co. v. Hales,* 279 S.W.2d 389, 392 (Tex.Civ. App.—Eastland 1955, writ ref'd n.r.e.); *see* TEX.PROP.CODE ANN. § 53.001(4)(A) (Vernon 1984).

■ Pollack further contends that Pioneer's proof of delivery must fail because the delivery tickets and invoices were not generated in the same office, and Pioneer introduced no testimony of someone with direct evidence as to personal knowledge of the manner in which or the extent to which any deliveries of materials were made by Pioneer to the project. Pollack relies upon *Cooper Petroleum Co. v. LaGloria Oil and Gas Co.,* 436 S.W.2d 889 (Tex.1969). *Cooper* is not as broad as asserted by

Pollack. *Cooper* stands for the proposition that in order for business records to be admissible in evidence, there must be testimony of all elements required by Rule 803(6) of the Texas Rules of Civil Evidence. What is required is that there must be proof that the one who wrote the information had personal knowledge of the information or that a person with personal knowledge of the facts transmitted the information to the person who made the record. *See* TEX.R.CIV.EVID. 803(6); *Skillern & Sons v. Rosen*, 359 S.W.2d 298, 305 (Tex.1962); *North Texas Lumber Co. v. Kaspar*, 415 S.W.2d 470, 474–75 (Tex. Civ.App.—Dallas 1967, writ ref'd n.r.e.).

The record reflects that Pioneer presented proof of the facts necessary to establish the predicate required by Rule 803(6) of the Texas Rules of Civil Evidence to permit the introduction of the invoices and delivery tickets. It follows that the evidence is sufficient to prove delivery of the materials to the project site and therefore sufficient to support Pioneer's lien claim and its right to recover against Pollack on the indemnity bond. We overrule Pollack's point number three.

■ Pollack's fourth point of error contends that the trial court erred in awarding attorney's fees to Pioneer because Pioneer introduced no evidence regarding the amount or the reasonableness of the fees. Pioneer's trial counsel was the only witness to testify on the issue of attorney's fees. During her testimony, she identified Pioneer's exhibit 10 which was a document generated by her office specifying the date, the time, and the description of the work that was done by her law firm in the preparation of the suit on behalf of Pioneer against Pollack and others. She then offered to testify regarding the reasonableness of the fees shown. Pollack objected because Pioneer failed to designate the attorney as an expert witness in response to Pollack's interrogatories. The trial court sustained the objection. Pioneer's counsel then testified that she and her firm had spent approximately forty hours in time preparing for the case and that their hourly fee was $100.00 per hour. She then stated, "We would ask for attorney's fees through trial of $4,000.00."

Pollack argues that the exhibit did not have any supporting documentation issued or admitted with it and did not contain any evidence of reasonableness. Pollack further argues that therefore there is no evidence to support the amount or reasonableness of the attorney's fees.

Pioneer contends that its attorney testified concerning the time spent and the hourly fee normally charged by attorneys in her firm. It argues that its attorney requested the court to take judicial notice of the reasonableness of the fee, and the court did in fact take judicial notice of the reasonableness of the fee. Pioneer argues that because the indemnity bond is a written contract, it is entitled to rely on the provisions of section 38.001(8) of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1986).

The record reflects that when Pioneer's counsel offered exhibit 10, Pollack's counsel stated that there were no objections to it. In response to the court's inquiry, Pioneer's counsel stated that the exhibit was being offered as the summary of what her testimony would be. In response to the court's inquiry, Pollack's counsel stated that there was no objection to the admission of the document as the summary of her testimony and in fact agreed that it was useful as an aid and summary. Accordingly, there is evidence to support the amount requested as attorney's fees.

Pioneer contends that even though its attorney did not testify as to the reasonableness of the fees requested, the trial court was entitled to take judicial notice of the reasonableness of the fees under the provisions of section 38.004 of the Texas Civil Practice and Remedies Code. We disagree. In its brief and in oral argument, Pioneer conceded that the only ground for recovery against Pollack is under section 53.171 of the Texas Property Code on the indemnity bond. Pioneer's pleadings clearly pray for attorney's fees against Pollack only under section 53.176 of the Texas Property Code. Pioneer has no entitlement

to attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. Since Pioneer's sole cause of action against Pollack is based upon the statutory indemnity bond, it is entitled to recover its attorney's fees only under Property Code section 53.176 and does not have the benefit of the provisions of section 38.004 of the Texas Civil Practice and Remedies Code. *See Coward v. Gateway Nat'l Bank,* 525 S.W.2d 857, 859 (Tex.1975).

Pioneer must prove reasonable attorney's fees and do so by independent evidence. The testimony of Pioneer's attorney, "We would ask for attorney's fees through trial of $4,000.00," is not sufficient. *See Meshwert v. Meshwert,* 543 S.W.2d 877, 879 (Tex.Civ.App.—Beaumont 1976), *aff'd,* 549 S.W.2d 383 (Tex.1977). The judgment must be reversed insofar as it awards recovery of $4,000.00 as attorney's fees.

Although Pioneer did not establish by independent evidence the issue of its "reasonable" attorney's fees, Pioneer is clearly entitled to attorney's fees in some amount. TEX.PROP.CODE ANN. § 53.176 (Vernon 1974); *Great American Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966).

■ A claim for attorney's fees is a severable claim, and authority exists for ordering a partial remand for determination of reasonable attorney's fees only. *Woods Exploration and Producing Co. v. Arkla Equipment Co.,* 528 S.W.2d 568, 571 (Tex. 1975); *Int'l Sec. Life Ins. Co. v. Finck,* 496 S.W.2d 544, 547 (Tex.1973); *Britton,* 406 S.W.2d at 907.

Pursuant to the authority of Rule 81(b)(1) of the Texas Rules of Appellate Procedure, we sever the attorney's fees claim, reverse the judgment as to it only, remand the severed cause to the trial court for a new trial on that issue, and affirm the remainder of the judgment.