**LANDBASE, INC., Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Terry L. Bailey, Appellees.**

**No. 04–93–00758–CV.**

Court of Appeals of Texas, San Antonio.

July 20, 1994.

Rehearing Denied Aug. 31, 1994.

Shelton E. Padgett, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellant.

Anthony Aterno, Asst. Atty. Gen., Taxation Div., Austin, for appellees.

Before BUTTS, RICKHOFF and HARDBERGER, JJ.

## OPINION

RICKHOFF, Justice.

This is an appeal from an action challenging an administrative decision of the Texas Employment Commission (hereafter "TEC") under the Texas Payday Law. Tex.Rev.Civ. Stat.Ann. art. 5155, recently codified as Chapter 61 of the Texas Labor Code by act of April 1, 1993, H.B. 752, 73rd Leg., R.S., ch. 269, § 1, 7 Vernon's Texas Session Law Service (1993). We affirm.

## BACKGROUND

The complaint filed with the TEC arose from the employment of Terry L. Bailey with appellant Landbase, Inc. Following termination of his employment, Bailey filed a Payday Law claim with appellee TEC, which resulted in a decision in favor of Bailey and against Landbase. Landbase sought judicial review, filing an action in the district courts of Bexar County.

TEC filed a plea to the jurisdiction, arguing the Texas Payday Law contained a provision mandating that venue be in the county of the plaintiff's residence, which was in Guadalupe County. The forum provision states that an action challenging a TEC decision under the Payday Law "shall be brought in the county of the claimant's residence, provided that if the claimant is a nonresident of the State of Texas the action shall be

brought in the county of Texas in which the employer has his principal place of business." Tex.Rev.Civ.Stat.Ann. art. 5155 § 5(g) (Vernon 1991) (now codified at Tex.Labor Code Ann. § 61.062 (Vernon Supp.1994)).[1]

TEC's plea to the jurisdiction was heard by the trial court on July 26, 1993. It ordered the case dismissed with prejudice. An order was signed on August 10, 1993.

Following entry of the order of dismissal, Landbase filed a "Request for Findings of Fact and Conclusions of Law," asking the trial judge to articulate the basis for his dismissal on the record. The court failed to make findings of fact and conclusions of law. Landbase subsequently filed a "Notice of Past Due Findings of Fact and Conclusions of Law," pursuant to Rule 297 of the Texas Rules of Civil Procedure. The trial court has not entered findings and conclusions.

## DISCUSSION

Appellant raises three points of error. The first point of error argues the trial court erred in dismissing the present action for want of jurisdiction. The second point claims the trial court erred in denying Landbase's motion for new trial.

TEC's plea to the jurisdiction relied on a 1961 decision by the Texas Supreme Court, *Texas Employment Commission v. International Union of Electrical, Radio, and Machine Workers, Local Union No. 782,* 163 Tex. 135, 352 S.W.2d 252 (1961) (hereafter *"TEC v. IUE "*). *TEC v. IUE* involved an action filed in Smith County by 88 former employees of the General Electric Company who were seeking judicial review of an adverse class determination on their claims for unemployment compensation benefits. *Id.,*

---

1. The codified provision, which did not take effect until September 1, 1993, reads as follows:

§ 61.062. Judicial Review

(a) A party who has exhausted the party's administrative remedies under the chapter may bring a suit to appeal the order.

(b) The suit must be filed not later than the 60th day after the date the final order is mailed.

(c) The commission and any other party to the proceeding before the commission must be made defendants in the suit.

(d) The suit must be brought in the county of the claimant's residence. If the claimant is not a resident of this state, the suit must be brought in the county in this state in which the employer has its principal place of business.

(e) An appeal under this subchapter is by trial de novo with the substantial evidence rule being the standard of review in the manner as applied to an appeal from a final decision under Subtitle A, Title 4.

(Emphasis added)

352 S.W.2d at 253–54. Like the Payday Law, the unemployment statute contained a provision requiring that an action seeking judicial review be brought in the county of the claimant's residence. *Id.* The court affirmed the trial court's dismissal of 12 of the 88 claimants based on the fact they were not residents of Smith County. It explained:

> The right of an appeal thus created by the Act is expressly limited, as to residents of Texas, to a court of competent jurisdiction in the county of the claimant's residence, and as to nonresidents of Texas, to one of specified counties. These provisions are exclusive and come under the accepted rule that statutory proceedings are strictly governed by the statute of their creation. Those availing themselves of the statutory remedy are not free to select a forum not authorized by the statute creating their remedy. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084; *Alpha Petroleum Co. Terrell,* 122 Tex. 257, 59 S.W.2d 364; *Oilmen's Reciprocal Ass'n. v. Franklin,* 116 Tex. 59, 286 S.W. 195; *Texas Employment Commission v. Daniel,* 241 S.W.2d 969 (Civ. App., no writ hist.). The trial court correctly dismissed the twelve respondents who were residents of counties of Texas other than Smith in which the appeal suit was brought.

*Id.,* 352 S.W.2d at 254–55.

Appellant argues that *TEC v. IUE* has been effectively overruled by subsequent statutory enactments and developments in the caselaw. In particular, it claims we should look to cases construing similar forum provisions in the Workers' Compensation Act. Appellant notes that two of the decisions cited in *TEC v. IUE* (*Mingus* and *Franklin* ) were cases involving the Texas Workers' Compensation Act, and that subsequent decisions have held the forum provisions of the Workers' Compensation Act concern venue and not jurisdiction. *See, e.g., Texas Employers Ins. Ass'n. v. Singleton,* 616 S.W.2d 232 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

Appellant also claims the trial court's dismissal is contrary to the spirit of Texas Civil Practice and Remedies Code, which provides for transfer, not dismissal, of cases which have been filed in the wrong county. *Compare* TEX.CIV.PRAC. & REM.CODE ANN. § 15.063 (Vernon 1986) *with* § 15.016. Appellant therefore argues that since TEC brought only a plea to the jurisdiction and not a motion to transfer venue, the result was a waiver of venue. We disagree.

This court has previously observed:

> 'The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions must be complied with in all respects …' *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926). Where the statute directs that action be taken in a certain way, it may be performed in no other manner.

*Central Power & Light Co. v. Caballero,* 804 S.W.2d 534, 540 (Tex.App.—San Antonio 1990) (citing *TEC v. IUE* ), *reversed on other grounds,* 858 S.W.2d 359 (Tex.1993). Such is the case here.

The Payday Law requires that appeals of administrative decisions be brought in a court of competent jurisdiction "in the county of the claimant's residence." TEX.REV.CIV. STAT.ANN. art. 5155 § 5(g) (Vernon 1991) (now codified at TEX.LABOR CODE ANN. § 61.062 (Vernon Supp.1994)). The statutory mandate could not be clearer; and in this respect at least, *TEC v. IUE* remains directly in-point. Until the supreme court revisits the issue, we must follow the court's directive. We therefore overrule appellant's first and second points of error.

■ The third point of error claims the trial court erred in failing to enter findings of fact and conclusions of law in response to its request.

Landbase admits in its brief "that the basis for the trial court's order of dismissal in the present case is apparent from the Transcript." It argues, however, that to the extent, if any, the basis for the court's ruling is unclear in any respect, the court's failure to enter findings and conclusions constituted harmful error, requiring abatement of the appeal for entry of findings and conclusions.

■ Because the trial court's duty to file findings and conclusions is mandatory, the

failure to respond when all requests are properly made is presumed to be harmful, unless the record before the appellate court "affirmatively shows that the complaining party suffered no injury." *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989) (quoting *Wagner v. Riske,* 142 Tex. 337, 343, 178 S.W.2d 117, 120 (1944)); *see also* Tex.R.App.P. 184(b). This is such a case.

The only issue ruled upon by the trial court was TEC's plea to the jurisdiction. The court's order sustained TEC's plea and dismissed the case for want of jurisdiction. If the trial court erred in failing to file findings and conclusions, the error was therefore harmless since appellant concedes the basis for the court's ruling was apparent from the record. Appellant's third point is accordingly overruled, and the judgment is affirmed.