

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00244-CV

IN THE INTEREST OF L.R.S. AND
C.M.S., CHILDREN

----------

### FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant Zaida Basora appeals the trial court's order in this post-divorce modification and enforcement suit filed against her by Mark Swanson. Basora contends in five issues that the trial court abused its discretion by excluding her trial evidence for failure to sufficiently answer interrogatories, by finding that she overcharged Swanson for health and dental insurance premiums, by failing to

---

[1]*See* Tex. R. App. P. 47.4.

find that Swanson breached his contractual obligation to pay fifty percent of their daughter's college expenses, by failing to find that Swanson owed additional arrearages of $2,100 plus interest, and by denying her request for attorney's fees. We affirm.

## II. Background

Basora and Swanson have four daughters. Their two oldest daughters are twins, and one of the twins is hearing-impaired. Basora and Swanson divorced, and the trial court signed the agreed divorce decree in September 1995. Basora was appointed sole managing conservator, Swanson was appointed possessory conservator, and Swanson agreed to pay child support and to provide health insurance until the youngest child became emancipated. In addition, the agreed divorce decree included the following contractual obligation:

Education Beyond High School

>   The parties have AGREED that each party will be responsible for and will pay fifty (50) percent of any and all reasonable education expenses incurred to send the parties['] children, . . ., either to college or to technical, vocational, or business school, provided the child is a full-time student . . . and maintains at least a "C" or equivalent grade-point average toward the completion either of a college bachelor's degree or of a technical, vocational, or business school diploma. This obligation will include tuition, activities fees, laboratory fees, books, room and board, and other charges normally related to such education. This obligation will terminate at the time each child reaches the age of 25 years.

Beginning in 1996, Basora carried the children on her employer-provided health insurance plan, and Swanson made payments to Basora to reimburse her

2

for the cost.  In 2007, Basora and Swanson's twin daughters graduated from high school and made arrangements to attend college.

In December 2007, Swanson filed a petition to modify the parent-child relationship.  Swanson's live pleading at the time of the hearing sought a decrease in child support payments, requested that any decrease be applied retroactively, alleged that Basora had overcharged him for health and dental insurance premiums, and requested judgment for the excessive health and dental insurance payments.  Basora filed a counter-petition and motion to confirm child support arrearages in March 2008, and her live pleading at the time of the hearing sought a retroactive increase in Swanson's child support obligation and judgment for Swanson's alleged cumulative arrearage and failure to pay fifty percent of college expenses for their two oldest daughters.

The trial court conducted a hearing on the petition and counter-petition to modify the parent-child relationship on March 4, 2009.  At the hearing, the trial court sustained Swanson's numerous objections to Basora's exhibits and testimony because the trial court determined that Basora had not adequately responded to several interrogatories.  After the hearing, the trial court signed an order that retroactively reduced Swanson's child support obligation, reduced Swanson's future child support obligations, required Swanson to continue providing health insurance for the children, found that Swanson had overpaid Basora for past health and dental insurance premiums in the amount of $16,228.18, found that Swanson was in arrears in the amount of $792.66,

3

awarded Swanson $15,991.23 as reimbursement for the health and dental insurance premium overpayments, ordered Basora to pay Swanson's attorney's fees, and expressly denied Basora's breach of contract claim for nonpayment of college expenses.  This appeal followed.

### III.  Exclusion of Evidence

In her first issue, Basora contends that the trial court abused its discretion by excluding her trial evidence as a discovery sanction based on her failure to sufficiently answer interrogatories propounded by Swanson.  Specifically, Basora argues that she offered exhibits and attempted to elicit cross-examination testimony from Swanson at the hearing relating to the cost of health insurance for the children, how much Swanson paid for the children's health insurance each month, and the college expenses Basora had incurred for their daughters but that the trial court excluded the exhibits and testimony.

The penalty under rule 193.6 for a party's failure to respond to a discovery request is the mandatory exclusion of the evidence requested.  *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992); *F & H Invs., Inc. v. State*, 55 S.W.3d 663, 669 (Tex. App.—Waco 2001, no pet.).  A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed unless the court finds that (1) there was good cause for the failure to timely disclose or (2) the failure will not unfairly surprise or prejudice the other parties. *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 817

4

(Tex. App.—Fort Worth 2006, no pet.) (citing Tex. R. Civ. P. 193.6(a)). The trial court has discretion to determine whether the offering party has met its burden, *Id.* (citing *Alvarado*, 830 S.W.2d at 914), but any "finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record." Tex. R. Civ. P. 193.6(b). Moreover, parties have a duty to amend or supplement discovery responses "reasonably promptly" after discovering the need to amend or supplement, and "it is presumed that an amended or supplemental [discovery] response made less than 30 days before trial was not made reasonably promptly." Tex. R. Civ. P. 193.5(b).

Here, the trial court excluded Basora's exhibits and testimony relating to the cost of the children's health insurance, the amount Swanson paid for the children's health insurance and the college expenses Basora incurred because Basora did not adequately respond to interrogatories. Concerning health insurance, Swanson's interrogatory had requested that Basora state the cost of the health insurance that she provided for the children, the amount she requested that Swanson pay, and the amount that Swanson paid each month for the insurance. Basora's responses, subject to a relevancy objection, were that the amounts "varied annually," "varied annually over the past 13 years," and "varied annually over the last 13 years" and that she did not have documents containing the information. Concerning college expenses, Swanson's interrogatory asked Basora to describe the expenses incurred, state the total amount of each expense, and the date each expense was incurred and paid.

5

Basora's answer did not include an objection and referred Swanson to "bank statements and statements of amount due" that were produced in response to requests for production.

Basora first argues that Swanson waived his objections to her interrogatory response by failing to request a hearing on his motion to compel and obtain a ruling on her objection.[2] Either party can request a hearing on discovery objections. *See* Tex. R. Civ. P. 193.4(a). The issue here is not Basora's relevancy objection but, rather, her failure to provide any information in response to the interrogatory subject to the objection. Basora's answer merely stated that she did not have documents and that the health insurance amounts "varied annually." However, Basora admittedly received and possessed documents containing information responsive to the interrogatory before trial, but she did not supplement her response to the interrogatory in compliance with her obligations to fully respond to non-objectionable parts of the interrogatory and to supplement reasonably promptly. *See* Tex. R. Civ. P. 193.2(b), 193.5. Thus, the issue is not one of waiver by Swanson but is one of automatic exclusion unless Basora, who had the burden, established good cause or the lack of surprise or prejudice as a result of her failure to supplement her interrogatory answer. *See* Tex. R. Civ. P. 193.6(a), (b).

---

[2]This argument relates only to the health insurance interrogatory because Basora did not object to the college expense interrogatory.

6

Basora contends that Swanson was not surprised by her failure to answer the interrogatories concerning the health insurance and college expenses because she produced documents to Swanson containing the information requested in the interrogatories. Rule 197.2(c) allows a party to specify or produce the documents containing the information requested in an interrogatory if the burden of deriving or ascertaining the answer is the same for both parties. *See* Tex. R. Civ. P. 197.2(c). However, Basora did not argue to the trial court and does not argue on appeal that the burden of ascertaining the answers to the interrogatories was the same for both parties. Further, there is no indication in the record as to when Basora produced the documents to Swanson, and we cannot determine whether Basora complied with her obligation to amend or supplement her discovery responses reasonably promptly after discovering the need to do so. *See* Tex. R. Civ. P. 193.5(b). Moreover, the appellate record does not contain the documents Basora produced to Swanson, so we are unable to determine whether the information requested in the interrogatories was in fact provided in response to the requests for production. Therefore, on this record, we hold that Basora has not established an abuse of discretion because she has failed to show good cause or the lack of unfair surprise or prejudice. *See* Tex. R. Civ. P. 193.6(a), (b); *F & H Invs., Inc.*, 55 S.W.3d at 670–71 (refuting argument of no unfair surprise based on contention that party had discussions with opponent and produced responsive documents). We overrule Basora's first issue.

7

## IV.  Overcharges, College Expenses, and Arrearage

In her second, third, and fourth issues, Basora contends that the trial court abused its discretion by granting judgment to Swanson for health and dental insurance overcharges because there is no evidence to support that award; by failing to award her judgment for Swanson's nonpayment of their daughter's college expenses; and by failing to find Swanson in arrears by an additional $2,100 plus interest.

### A.  Standard of Review

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996); *In re Estate of Rhea*, 257 S.W.3d 787, 790 (Tex. App.—Fort Worth 2008, no pet.).  But when a reporter's record is filed, these implied findings are not conclusive, and an appellant may challenge them by raising issues challenging the sufficiency of the evidence.  *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Estate of Rhea*, 257 S.W.3d at 790.  In family law cases, however, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review.  *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.).

Accordingly, to determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) whether the trial court had

8

sufficient evidence upon which to exercise its discretion and (2) whether the trial court erred in its application of discretion. *Id.* The applicable sufficiency review comes into play with regard to the first question. *Id.* We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* In determining whether there is legally sufficient evidence to support the finding under review, we consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

## B. Health Insurance Overcharges

Basora argues in her second issue that the trial court abused its discretion by finding that she overcharged Swanson for health and dental insurance premiums because there is no evidence of the amounts charged to Swanson for the years 1995 through 2002; because the trial court impermissibly applied a 2007 statute to Swanson's pre-2002 obligations; because Swanson's claim is barred by the statute of limitations, estoppel, laches, or waiver; and because the trial court had no authority to require reimbursement of the alleged overcharges.

### 1. Sufficient Evidence of Overcharges

Basora contends that there is no evidence of the amounts charged to Swanson for the children's health insurance for the years 1995 through 2002. However, Swanson testified at the hearing about the amounts he paid for the

children's health insurance for the years 1996 through 2007 and that his overpayment totaled $16,228.18. In addition, Swanson's exhibits nine, ten, and thirteen were admitted into evidence without objection. Exhibit nine is a table setting forth the health and dental insurance premiums Swanson owed for each year from 1996 through 2007, the amounts Swanson paid for health and dental insurance premiums for each of those years, and a calculation of Swanson's overpayment for health and dental insurance premiums. Exhibit ten contains the documents received from Basora's employer (in response to Swanson's subpoena) relating to the children's health and dental benefits. Although the documents reflecting the actual benefits provided prior to 2002 were no longer available—and thus not included within exhibit ten—Basora's employer did provide enrollment forms containing the various available elections and a summary of benefits and rates for active employees for the years before 2002. Exhibit thirteen is an e-mail from Basora to Swanson stating that she divided the total health insurance premium by six and then multiplied the result by four to determine the amount Swanson owed each month for his four daughters.[3] However, exhibit thirteen also states that Basora did not deduct any amount unique to her personal health insurance premium before dividing the total monthly health insurance premium by six.

---

[3]Basora divided the monthly premium by six because she and her son (not Swanson's child) were also insured under the plan. Basora then multiplied the result by four to calculate the premium for her four daughters.

Basora contends that Swanson's testimony and the exhibits relating to the amounts Swanson was charged and paid from 1996 through 2002 are no evidence because the documents reflecting the actual costs of health insurance for those years are no longer available and because Swanson therefore does not have personal knowledge of that information. But Basora did not object to Swanson's testimony or any of the three exhibits, and she did not present any evidence controverting Swanson's calculation of the overcharges. *See Sheldon Pollack Corp. v. Pioneer Concrete of Tex., Inc.*, 765 S.W.2d 843, 847 (Tex. App.—Dallas 1989, writ denied) (holding there was evidence to support attorney's fee award where summary of testimony was admitted without objection). After reviewing the evidence admitted at trial and applying the appropriate standard of review, we hold that the trial court had sufficient evidence upon which to exercise its discretion. We further hold that the trial court did not abuse its discretion by finding that Swanson paid Basora $16,228.18 more than he should have paid for the children's health and dental insurance premiums. *See generally Boyd*, 131 S.W.3d at 610–11. We overrule this portion of Basora's second issue.

11

## 2. No Retroactive Application of Statutory Standard

Basora also argues within her second issue that the trial court erred by retroactively applying family code section 154.182[4] to Swanson's obligation to provide health insurance for the children because the retroactive application violated the constitutional prohibition of ex post facto laws and deprived her of a vested right.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

It is not clear whether the trial court relied on section 154.182 when determining that Basora should pay Swanson for health insurance overcharges. But even if the trial court applied section 154.182, Basora did not present her constitutional and vested rights arguments to the trial court and therefore failed to preserve them for appellate review. *See* Tex. R. App. P. 33.1(a). Moreover, we note that both the current and 1995 versions of section 154.182(b-1) limit the obligor's responsibility for health insurance to an amount equal to the "actual

---

[4]Basora specifically cites section 154.182(e), but section 154.182 does not have a subsection (e). *See* Tex. Fam. Code Ann. § 154.182 (Vernon Supp. 2010).

cost" of the health insurance for the child. *See* Tex. Fam. Code Ann. § 154.182(b-1); Act of April 20, 1995, 74[th] Leg., R.S., ch. 20, § 1 (current version at Tex. Fam. Code Ann. § 154.182(b-1)). We overrule this portion of Basora's second issue.

### 3. Statute of Limitations, Estoppel, Laches, and Waiver

Basora also argues that Swanson's claim for overcharges prior to 2003 is barred by the statute of limitations, estoppel, laches, and waiver. Although Basora pleaded these affirmative defenses in her first amended answer, she did not raise these affirmative defenses at the hearing or in her motion for new trial. Therefore, she failed to preserve these arguments for appellate review, and we overrule this portion of her second issue. *See* Tex. R. App. P. 33.1(a).

### 4. Authority to Require Reimbursement

In the final part of her second issue, Basora contends that the trial court did not have authority to order her to reimburse Swanson for the health insurance premium overcharges. She argues that "there is no specific statutory authority for repayment of health insurance costs in excess of the actual cost of health insurance paid by [Swanson]" and that "it appears that the [trial court] treated the health insurance premium reimbursement as child support[] but failed to find that any request for reimbursement [was] premature because the child support obligation has not terminated." We disagree.

"An action for money had and received is an equitable doctrine that courts apply to prevent unjust enrichment." *London v. London*, 192 S.W.3d 6, 13 (Tex.

13

App.—Houston [14th Dist.] 2005, pet. denied) (citing *Miller-Rogaska, Inc. v. Bank One*, 931 S.W.2d 655, 662 (Tex. App.—Dallas 1996, no writ). "The cause of action is not premised on wrongdoing, but looks to the justice of the case and inquires whether the party has received money that rightfully belongs to another." *Id.* (citing *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ). The question in an action for money had and received is to which party does the money, in equity and law, belong. *Id.* (citing *Staats v. Miller*, 150 Tex. 581, 243 S.W.2d 686, 687 (1951); *Tri-State Chems., Inc. v. W. Organics, Inc.*, 83 S.W.3d 189, 194–95 (Tex. App.—Amarillo 2002, pet. denied)).

In *London*, the husband paid child support pursuant to a court order that was reversed on appeal, and the court of appeals held that the husband was entitled to recover the amount he overpaid pursuant to the subsequently reversed court order under the equitable doctrine of restitution to prevent unjust enrichment. *Id.* at 13–14. Here, Swanson made payments to Basora in an effort to comply with his support obligations under the divorce decree but discovered that he had overpaid for health and dental insurance premiums. We hold that Swanson is entitled, under common law principles, to seek recovery of the amounts he overpaid to Basora for health and dental insurance premiums. *See id.* We overrule the remainder of Basora's second issue.

## C. College Education Expenses

Basora contends in her third issue that the trial court abused its discretion by failing to find that Swanson had not honored his contractual obligation to pay

14

fifty percent of his daughter's college expenses. Swanson responds that Basora failed to meet her burden of proof.

As set forth above, the divorce decree obligated Basora and Swanson to each pay fifty percent of their children's reasonable college expenses. Basora argues that the trial court abused its discretion by excluding her evidence concerning those college expenses, that her daughter's college expenses are reasonable, and that Swanson breached his contractual obligation to pay fifty percent of those college expenses.[5] However, we held above that the trial court did not abuse its discretion by excluding Basora's evidence. And because Basora presented no evidence of the amount of college expenses Swanson allegedly failed to pay, we hold that the trial court did not abuse its discretion by failing to find that Swanson breached his contractual obligation to pay fifty percent of his daughter's college expenses. *See generally Boyd*, 131 S.W.3d at 610–11. We overrule Basora's third issue.

## D. Failure to Find Additional Arrearages

In her fourth issue, Basora argues that the trial court abused its discretion by failing to find Swanson in arrears for an additional $2,100 plus interest. Basora testified that Swanson was $2,100 in arrears on his child support payments in 1997; that Swanson made a payment in 1997 through the child

---

[5]Basora appears to argue that Swanson anticipatorily breached his contractual obligation by telling his daughter that she might have to get a student loan to pay for college because his resources are limited.

15

support office in that amount; and that she and Swanson agreed that she would not negotiate the check at that time but rather that Swanson would make the payment at a later, undetermined date. Swanson testified that he and Basora agreed that Basora would not negotiate the $2,100 check because Basora had taken possession of a refrigerator, playground equipment, and swing sets that were awarded to him in the divorce decree. It is undisputed that Swanson made the payment through the child support office, that Basora had physical possession of the check, and that Basora did not negotiate the check.

To prevail on her claim for the additional $2,100, Basora had the burden to prove the amount of the arrearages due. *See George v. Jeppeson*, 238 S.W.3d 463, 473 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re S.R.O.*, 143 S.W.3d 237, 248 (Tex. App.—Waco 2004, no pet.); *Curtis v. Curtis*, 11 S.W.3d 466, 472 (Tex. App.—Tyler 2000, no pet.). If the arrearages are proven, the trial court has an affirmative, ministerial duty under family code section 157.253(a) to confirm the arrearages and reduce them to judgment. *See George*, 238 S.W.3d at 473. However, the trial court's duty under section 157.253(a) does not arise until the petitioner meets her burden to provide adequate proof to substantiate the arrearages alleged. *Id.*

Basora argues that any agreement she might have had with Swanson to reduce Swanson's child support arrearage is void because she and Swanson are prohibited by the family code from settling a claim for arrearages and the trial court does not have the authority to forgive child support arrearages. *See* Tex.

16

Fam. Code Ann. §§ 157.262 (Vernon Supp. 2010); .263 (Vernon 2008); *Curtis*, 11 S.W.3d at 471 (stating that "the trial court has no authority to reduce or modify the amount of arrearages in rendering judgment" and that "parents of the child may not settle child support claims until after the arrearages have been confirmed and cumulated in a money judgment or until the trial court has lost jurisdiction to enforce the unpaid child support debt."). These principles do not apply, however, if the amount of arrearage is not proven. *See* Tex. Fam. Code Ann. §§ 157.262, .263; *George*, 238 S.W.3d at 474.

The trial court heard conflicting evidence about the parties' versions of events relating to the payment of the $2,100. It is undisputed that Swanson made the payment and that Basora had physical possession of the check. Further, the trial court heard evidence that Basora and Swanson agreed that Basora would keep certain items of personal property by paying Swanson $2,100 (i.e., not negotiating the $2,100 check she received through the child support office). Thus, the trial court could have found that Swanson paid the $2,100 as required by the divorce decree and that he was not in arrears for the $2,100 because of the parties' agreement relating to the personal property. Applying the applicable abuse of discretion standard, we defer to the trial court's resolution of the conflicting evidence presented and hold that the record supports the trial court's implied finding that Basora failed to meet her evidentiary burden to prove Swanson's arrearages. *See George*, 238 S.W.3d at 474. And because Basora failed to meet her evidentiary burden, no section 157.263(a) duty to confirm the

17

amount of arrearages ever arose. *Id.* (citing Tex. Fam. Code Ann. § 157.263(a)). We overrule Basora's fourth issue.

## V. Attorney's Fees

Basora argues in her fifth issue that the trial court abused its discretion by awarding attorney's fees to Swanson and by failing to award her attorney's fees. She contends that Swanson failed to prove the overcharges for health and dental insurance premiums, that the unproven overcharges cannot support an award of attorney's fees to Swanson, and that the trial court had a mandatory duty to award her attorney's fees because it found Swanson in arrears on child support obligations but failed to make a good cause finding under family code section 157.167(c) as to why Swanson should not pay her attorney's fees. Swanson responds that there was no arrearage because his overpayments offset any arrearages.

Basora first contends that the trial court erred by awarding attorney's fees to Swanson because he failed to prove that she overcharged him for health and dental insurance premiums. We held above, however, that the trial court did not abuse its discretion by finding that Basora charged Swanson $16,228.18 more than she should have for the children's health and dental insurance premiums. We therefore overrule this part of Basora's fifth issue.

Basora next argues that because she proved that Swanson was in arrears, the trial court had a mandatory duty to award her attorney's fees. In *In re S.L.M.*, the respondent's arrearage was $14,874.60 but his offset totaled $20,405.75.

18

*See* 97 S.W.3d 224, 237 (Tex. App.—Amarillo 2002, no pet.). Because the respondent's offset exceeded his arrearage, the *S.L.M.* court held that the trial court did not err by failing to award the petitioner interest, attorney's fees, and costs. *See id.* at 236–37. Here, the trial court found that Swanson was entitled to offset his $792.66 arrearage with $16,783.89 owed to him by Basora for health and dental insurance premium overpayments and non-covered dental expenses. After the offset, Basora owed Swanson $15,991.23. Thus, Swanson owed no arrearage after the offset, and the trial court was not required to make a good cause finding under family code section 157.167(c) before denying Basora's request for attorney's fees. *See id.*; *see also* Tex. Fam. Code Ann. § 157.167(a), (c) (Vernon 2008); *Beck v. Walker*, 154 S.W.3d 895, 907–08 (Tex. App.—Dallas 2005, no pet.). The trial court did not abuse its discretion by failing to award Basora attorney's fees. *See S.L.M.*, 97 S.W.3d at 237. We overrule the remainder of Basora's fifth issue.

## VI. Conclusion

Having overruled each of Basora's five issues, we affirm the trial court's order.


ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DELIVERED: March 3, 2011

19