

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00019-CV

---

J.R.'S LANDSCAPING & SPRINKLER SYSTEMS, INC., APPELLANT

V.

CITY OF CROSBYTON, APPELLEE

---

On Appeal from the 72nd District Court
Crosby County, Texas
Trial Court No. 2010-7347, Honorable Ruben Gonzales Reyes, Presiding

---

## November 21, 2014

## ON ABATEMENT AND REMAND

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant J.R.'s Landscaping & Sprinkler Systems, Inc. appeals the trial court's judgment in favor of appellee City of Crosbyton, awarding it $160,000 in damages on its breach of contract claim, prejudgment interest and attorney's fees. Among the issues raised in appellant's brief is the assertion the trial court reversibly erred by failing to make and file findings of fact and conclusions of law.

Appellant was awarded a contract by the City of Crosbyton, Texas, for the construction of concrete sidewalks, curbs and gutters, access ramps and related items as a part of the City's downtown revitalization efforts. After an agreed change order, the total amount of the contract was something over $142,000. During the work, appellant requested and received payments totaling about $64,300.

In April 2010, appellant submitted an application to the City for additional payment of some $71,000. When the City did not pay, appellant filed suit, alleging breach of the construction contract. The City filed a counterclaim, asserting appellant had breached the contract. After a bench trial in September 2013, the trial court found in favor of the City and awarded it damages in the amount of $160,000. The court signed a judgment to that effect, and appellant timely requested findings of fact and conclusions of law. When the findings and conclusions were not filed, appellant timely filed a notice of past due findings and conclusions. Appellant subsequently appealed the judgment.

When properly requested, the trial court has a mandatory duty to file findings of fact. TEX. R. CIV. P. 296, 297; *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,* 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet). The purpose of civil rule 296 is to give a party the right to findings of fact and conclusions of law following a conventional bench trial on the merits. *Willms v. Ams. Tire Co.,* 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied). If a trial court does not file findings, it is presumed harmful unless the record affirmatively shows the appellant suffered no harm. *See, e.g., Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex. 1996); *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 722 (Tex. 1989). When the trial court's reasons for its

judgment are apparent from the record, the presumption of harm is rebutted. *See Landbase, Inc. v. Texas Employment Com'n*, 885 S.W.2d 499, 502 (Tex. App.—San Antonio 1994, writ denied) (holding trial court's reason for its judgment was apparent when the trial court ruled on one issue); *Guzman v. Guzman*, 827 S.W.2d 445 (Tex. App.—Corpus Christi 1992), *writ dism'd, improvidently granted,* 843 S.W.2d 486 (Tex. 1992) (holding trial court's reason for its judgment was apparent when appellant's complaint addressed only one issue and, as to that issue, there was only one dispute).

"[F]act findings are not necessary when the matters in question are not disputed." *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006). Accordingly, "where the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed *de novo,* the failure to file findings of fact and conclusions of law is harmless error." *Rollins v. Am. Exp. Travel Related Servs. Co.*, 219 S.W.3d 1, 5-6 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see Lubbock County Central Appraisal District v. Contrarez,* 102 S.W.3d 424, 426 (Tex. App.—Amarillo 2003, no pet.) (noting no need for abatement when record shows no factual dispute and reasons for ruling are clear from record). The test for harm looks to whether the reasons for the trial court's ruling are obvious from the record. *Sheldon Pollack Corp. v. Pioneer Concrete of Texas, Inc.,* 765 S.W.2d 843, 845 (Tex. App.—Dallas 1989, writ denied). If harm exists from the court's failure to issue findings of fact and conclusions of law, the appropriate remedy is to abate the appeal and direct the trial court to correct its error pursuant to appellate rule 44.4; TEX. R. APP. P. 44.4. *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 n. 1 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

On review of the record, we find the matters in question are not undisputed, and the reasons for the court's ruling against appellant and for the City on their opposing claims of breach of the contract are not obvious from the record. *Barker*, 213 S.W.3d at 310; *Sheldon Pollack Corp.,* 765 S.W.2d at 845. Accordingly, we cannot conclude the record affirmatively shows appellant suffered no harm. *Tenery,* 932 S.W.2d at 30.

The appeal is abated and the cause is remanded to the trial court for the execution of findings of fact and conclusions of law. *See McLaughlin, Inc. v. Northstar Drilling Techs.,* No. 04-02-00511-CV, 2003 Tex. App. LEXIS 6305, at *2 (Tex. App.—San Antonio July 23, 2003, no pet.) (mem. op.) (abating under similar circumstances).

The trial court's findings and conclusions shall be filed with the clerk of this Court, via a supplemental clerk's record, on or before January 5, 2015. On the filing of the supplemental clerk's record containing the findings and conclusions, the Court will issue a further order.

It is so ordered.

Per Curiam

4