

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00442-CV

---

FERMIN LOPEZ, APPELLANT

V.

NORMA BAILON, APPELLEE

---

On Appeal from the 68th District Court
Dallas County, Texas
Trial Court No. DC-13-01584, Honorable Martin J. Hoffman, Presiding

---

May 20, 2015

## ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Fermin Lopez, appeals the trial court's judgment in favor of Appellee, Norma Bailon, on a breach of contract claim.[1]  Among the issues raised in Appellant's brief is the assertion that the evidence is insufficient to prove the elements necessary to establish Appellee's breach of contract claim, damages, reasonableness and necessity of repairs, as well as the entitlement to and amount of reasonable attorney's fees.

---

[1] This case was transferred to this Court from the Fifth Court of Appeals pursuant to a docket equalization order entered by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We have applied precedent from that court where applicable.  *See* TEX. R. APP. P. 41.3.

The dispute in this case centers around a *Commercial Lease Agreement* entered into by Appellant, as lessor, and Appellee, as lessee, concerning certain real property situated in Dallas County.  On February 7, 2013, Appellee filed suit against Appellant alleging she had paid rent during a period in which the premises were unsuitable for the purpose for which the premises were leased.  She also contended she had paid "unauthorized" charges under the terms of the lease and that she had been required to make certain repairs to the leased premises which should have been Appellant's obligation.  On March 15, 2013, through his attorney, T. Rick Frazier, Appellant filed a general denial, special exceptions, special denials, and affirmative defenses.

On September 9, 2014, a non-jury trial was conducted before the Honorable Martin Hoffman.  Appellee appeared in person and by attorney.  Appellant appeared *pro se*.  The record does not explain the absence of Appellant's attorney, nor does it reflect a motion to withdraw or an order granting withdrawal.  At the conclusion of the hearing, the trial court entered a judgment in favor of Appellee for $71,460.34, as damages, plus $9,075.00 as attorney's fees.

On September 24, 2014, Appellant's attorney, T. Rick Frazier, filed *Defendant's Request for Findings of Fact & Conclusions of Law.*  No findings or conclusions were filed, and on November 12, 2014, Appellant's attorney filed Appellant's *Notice of Past Due Findings of Fact & Conclusions of Law.*  Again, no findings or conclusions were filed.  Appellant subsequently appealed the judgment.

When properly requested, the trial court has a mandatory duty to file findings of fact. TEX. R. CIV. P. 296, 297; *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,*

2

225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.).  The purpose of Rule 296 is to give a party the right to findings of fact and conclusions of law following a conventional bench trial on the merits. *Willms v. Ams. Tire Co.,* 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied).  If a trial court does not file findings, it is presumed harmful unless the record affirmatively shows the appellant suffered no harm.  *See, e.g., Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex. 1996); *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 722 (Tex. 1989).  When the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted.  *See Landbase, Inc. v. Texas Employment Com'n,* 885 S.W.2d 499, 502 (Tex. App.—San Antonio 1994, writ denied).

Furthermore, "fact findings are not necessary when the matters in question are not disputed." *Barker v. Eckman,* 213 S.W.3d 306, 310 (Tex. 2006).  Accordingly, "where the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed *de novo,* the failure to file findings of fact and conclusions of law is harmless error."  *Rollins v. Am. Exp. Travel Related Servs. Co.*, 219 S.W.3d 1, 5-6 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  *See Lubbock County Central Appraisal District v. Contrarez,* 102 S.W.3d 424, 426 (Tex. App.—Amarillo 2003, no pet.) (noting no need for abatement when record shows no factual dispute and reasons for ruling are clear from record).  The test for harm looks to whether the reasons for the trial court's ruling are obvious from the record.  *Sheldon Pollack Corp. v. Pioneer Concrete of Texas, Inc.,* 765 S.W.2d 843, 845 (Tex. App.—Dallas 1989, writ denied).  If harm exists from the court's failure to issue findings of fact and conclusions of law, the appropriate remedy is to abate the appeal and direct the trial court to correct its error pursuant to

3

appellate rule 44.4.  TEX. R. APP. P. 44.4.  *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

On review of the record, we find the matters in question are not undisputed, and the reasons for the court's ruling against Appellant and for Appellee on the breach of contract claim are not obvious from the record.  *Barker*, 213 S.W.3d at 310; *Sheldon Pollack Corp.,* 765 S.W.2d at 845.  Furthermore, it is unclear to this Court why Appellant's attorney was not present during the non-jury bench trial.  Accordingly, we cannot conclude the record affirmatively shows Appellant suffered no harm. *Tenery,* 932 S.W.2d at 30.

The appeal is abated and the cause is remanded to the trial court for the execution of findings of fact and conclusions of law.  *See McLaughlin, Inc. v. Northstar Drilling Techs.,* No. 04-02-00511-CV, 2003 Tex. App. LEXIS 6305, at *2  (Tex. App.—San Antonio July 23, 2003, no pet.) (mem. op.) (abating under similar circumstances).

The trial court's findings and conclusions shall be filed with the Clerk of this Court, via a supplemental clerk's record, on or before July 6, 2015. On the filing of the supplemental clerk's record containing the findings and conclusions, this appeal will proceed forthwith.

It is so ordered.

Per Curiam

4