

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-16-00256-CV
_____

### LAURIE RAY HAMLETT, APPELLANT

### V.

### COMISSION FOR LAWYER DISCIPLINE, APPELLEE

On Appeal from the 40th District Court
Ellis County, Texas
Trial Court No. 88890; Honorable Wesley R. Ward, Presiding

October 24, 2016

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before this court is Appellant Laurie Ray Hamlett's unopposed motion to abate the appeal and remand the cause to the trial court to issue requested findings of fact and conclusions of law. We grant the motion.

Appellee, the Commission for Lawyer Discipline, filed a disciplinary action against Hamlett asserting that Hamlett had committed professional misconduct by

violating Rules 3.01 (bringing frivolous claims and contentions), 3.02 (unreasonably increasing costs or burdens or unreasonably delaying resolution of a case), 3.04(d) (knowingly disobeying or advising a client to disobey court rules or orders), and 8.02(a) (knowingly or recklessly making a false statement concerning the qualifications or integrity of a judge or public legal officer) of the Texas Disciplinary Rules of Professional Conduct. These violations allegedly arise out of various motions filed by Hamlett against judges and a prosecutor in cases pending in the municipal courts of Red Oak, Texas, and Waxahachie, Texas.

Hamlett, represented by counsel, answered with a general denial. The Commission subsequently moved for partial summary judgment, claiming there were no genuine issues of material fact concerning Hamlett's alleged professional misconduct and Disciplinary Rule violations. Hamlett filed a response to the Commission's motion and the motion was denied by the trial court.

The case proceeded to a three-day bench trial before the Honorable Wesley R. Ward. On March 30, 2016, the court entered a judgment finding that Hamlett had committed professional misconduct by violating Disciplinary Rules 3.01, 3.02, and 8.02(a) and ordered that Hamlett be publically reprimanded. On April 18, 2016, Hamlett timely filed *Respondent's Request for Findings of Fact & Conclusions of Law. See* TEX. R. CIV. P. 296. No findings or conclusions were filed by the trial court. On May 17, 2016, Hamlett timely filed *Respondent's Notice of Past Due Findings of Fact & Conclusions of Law. See* TEX. R. CIV. P. 297. Again, no findings or conclusions were filed.

Hamlett subsequently appealed the judgment[1] and her brief is currently due November 2, 2016. In her motion to abate, Hamlett indicates that one of her potential issues on appeal will be a challenge to the sufficiency of the evidence supporting the trial court's judgment.

When properly requested, the trial court has a mandatory duty to file findings of fact. TEX. R. CIV. P. 296, 297; *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,* 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). The purpose of Rule 296 is to give a party the right to findings of fact and conclusions of law following a conventional bench trial on the merits. *Willms v. Ams. Tire Co.,* 190 S.W.3d 796, 801 (Tex. App.—Dallas 2006, pet. denied). If a trial court does not file findings, it is presumed harmful unless the record affirmatively shows the appellant suffered no harm. *See, e.g., Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex. 1996); *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex. 1989). When the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted. *See Landbase, Inc. v. Texas Emp't Comm'n*, 885 S.W.2d 499, 502 (Tex. App.—San Antonio 1994, writ denied).

Furthermore, "fact findings are not necessary when the matters in question are not disputed." *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006). Accordingly, "where the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed *de novo,* the failure to file findings of fact and conclusions of law is harmless error." *Rollins v. Am. Express Travel Related Servs. Co.*, 219 S.W.3d 1, 5-6

---

[1] The appeal was transferred to this court from the Tenth Court of Appeals by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We have applied precedent from that court where applicable. *See* TEX. R. APP. P. 41.3.

(Tex. App.—Houston [1st Dist.] 2006, no pet.). *See Lubbock Cty Cent. Appraisal Dist. v. Contrarez,* 102 S.W.3d 424, 426 (Tex. App.—Amarillo 2003, no pet.) (noting no need for abatement when record shows no factual dispute and reasons for ruling are clear from record). The test for harm looks to whether the reasons for the trial court's ruling are obvious from the record. *Sheldon Pollack Corp. v. Pioneer Concrete of Tex., Inc.,* 765 S.W.2d 843, 845 (Tex. App.—Dallas 1989, writ denied) ("whether the circumstances of the particular case would require an appellant to have to guess the reason or reasons that the trial judge has ruled against it"). If harm exists from the court's failure to issue findings of fact and conclusions of law, the appropriate remedy is to abate the appeal and direct the trial court to correct its error pursuant to Texas Rule of Appellate Procedure 44.4. *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

On review of the record, we find the matters in question are not undisputed, and the reasons for the trial court's ruling against Hamlett are not obvious from the record. *Barker*, 213 S.W.3d at 310; *Sheldon Pollack Corp.,* 765 S.W.2d at 845. Accordingly, we cannot conclude the record affirmatively shows Hamlett suffered no harm as a result of the trial court's failure to file the requested findings of fact and conclusions of law. *Tenery,* 932 S.W.2d at 30.

The appeal is abated and the cause is remanded to the trial court for the execution of findings of fact and conclusions of law. TEX. R. APP. P. 44.4. The trial court's findings and conclusions shall be filed with the clerk of this court, via a supplemental clerk's record, on or before November 21, 2016. On the filing of the

4

supplemental clerk's record containing the findings and conclusions, this appeal will proceed forthwith.

It is so ordered.

Per Curiam