# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00018-CV

**Burnet Central Appraisal District, Appellant**

**v.**

**Louis G. Millmeyer and Sharon Millmeyer, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 22,674, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING

## O P I N I O N

This is an ad valorem tax case concerning the value of a piece of residential property. Burnet Central Appraisal District (the "Appraisal District") appeals from a district court judgment that lowered the appraised value of property belonging to Louis G. Millmeyer and Sharon Millmeyer (the "Millmeyers") and awarded the Millmeyers attorneys' fees. In three issues on appeal, the Appraisal District challenges (1) the district court's award of attorneys' fees; (2) the failure of the district court to issue findings of fact and conclusions of law; and (3) the sufficiency of the evidence supporting the district court judgment lowering the appraised value of the property. We will modify the judgment to reduce the amount of attorneys' fees awarded. As modified, we will affirm the district court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Millmeyers own a lakefront lot in Burnet County, Texas (the "Millmeyer property"). The Appraisal District appraised the Millmeyer property for tax year 2003, and the Millmeyers filed a protest. After the protest, the Appraisal District set the appraised property value at $129,113. The valuation was divided between the improvements ($106,613) and the land ($22,500). The Millmeyers then sued the Appraisal District in district court seeking a reduction in the appraised value of the Millmeyer property and attorneys' fees. *See* Tex. Tax Code Ann. §§ 42.01, .25, .29 (West 2008). After a bench trial, the district court rendered judgment fixing the appraised value of the Millmeyer property at $119,219 and awarding attorneys' fees in the amount of $2,500 for the trial, $5,000 in the event of an appeal to the court of appeals, and an additional $2,500 in the event of an appeal to the Texas Supreme Court. The Appraisal District made a timely request for findings of fact and conclusions of law, but none were filed. In this appeal, the Appraisal District contends that the district court improperly construed the attorneys' fees provision of the Texas Tax Code with the result that the amount of attorneys' fees awarded exceeds the amount authorized by statute. *See id.* § 42.29 (authorizing award of attorneys' fees to prevailing property owner and setting limits on amount of such award). The Appraisal District also contends that it was harmed by the district court's failure to file findings of fact and conclusions of law despite a timely request. *See* Tex. R. Civ. P. 296, 297. Finally, the Appraisal District challenges the legal and factual sufficiency of the evidence supporting the district court's order setting the value of the Millmeyer property at $119,219.

**STANDARDS OF REVIEW**

Statutory construction presents questions of law that we review de novo. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002); *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 512 (Tex. App.—Austin 2007, no pet.). In construing a statute, our task is to determine and give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2006); *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005). We ascertain that intent "first and foremost" from the statute's language as written. *Sanchez*, 229 S.W.3d at 512. We consider the statute as a whole, not as isolated individual provisions, and we do not give one provision a meaning out of harmony or inconsistent with other provisions, even though it might be susceptible to such a construction standing alone. *See Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

In reviewing the district court's failure to file findings of fact and conclusions of law, we are required to determine whether the complaining party suffered harm as a result. The test is whether the circumstances of the case would require the party to guess the reason or reasons for the trial court's ruling. *Sheldon Pollack Corp. v. Pioneer Concrete of Tex., Inc.*, 765 S.W.2d 843, 845 (Tex. App.—Dallas 1989, writ denied).

In a legal sufficiency challenge, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We sustain a legal sufficiency challenge if the record reveals:

(1) the complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id*. at 810. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). In reviewing a factual sufficiency challenge, we consider and weigh all the evidence in the record, both in support of and against the finding, and set aside a finding for factual insufficiency only if the evidence that supports it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

## DISCUSSION

### *Attorneys' Fee Award*

The Appraisal District first complains that the district court awarded attorneys' fees in excess of an amount specifically authorized by statute. Section 42.29 of the tax code provides:

> (a) A property owner who prevails in an appeal to the court under Section 42.25 or 42.26 may be awarded reasonable attorney's fees. The amount of the award may not exceed the greater of:
> (1) $15,000; or
> (2) 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.

> (b) Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of:
> (1) $100,000; or
> (2) the total amount by which the property owner's tax liability is reduced as a result of the appeal.

4

Tax Code § 42.29. The district court awarded the Millmeyers attorneys' fees of $2,500 through trial, with additional awards contingent upon successful appeals to the court of appeals and the Texas Supreme Court. It is undisputed that the total amount by which the Millmeyers' tax liability was reduced as a result of their appeal was $225.51. The Appraisal District contends that the district court erred by awarding attorneys' fees in excess of $225.51 in contravention of section 42.29(b)(2). We agree.

The current version of section 42.29 of the tax code is the result of a 1997 amendment that added a $100,000 cap to attorneys' fee awards in cases in which the prevailing party achieved a large reduction in its tax liability that could support an excessive attorneys' fee award under the previous version. *See* Tax Code § 42.29(b)(1). Prior to the 1997 amendment, the statute provided:

> A property owner who prevails in an appeal to the court under Section 42.25 or Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the greater of $15,000 or 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal. The award of the attorney's fees, however, may not exceed the total amount by which the property owner's tax liability is reduced as a result of the appeal.

Act of May 27, 1991, 72d Leg., R.S., ch. 836, § 4.1, 1991 Tex. Gen. Laws 2890, 2893, *amended by* Act of May 14, 1997, 75th Leg., R.S., ch. 203, § 2, 1997 Tex. Gen. Laws 1070, 1070-71. Before the 1997 amendment, a property owner who succeeded in lowering the appraised value of a piece of property was entitled to recover attorneys' fees of up to $15,000, and more if the tax savings achieved exceeded $75,000. When the tax savings exceeded $75,000, the court could award

5

attorneys' fees greater than $15,000 and up to 20 percent of the total tax savings, which could in certain circumstances exceed $100,000. For example, in the absence of the $100,000 limit imposed by section 42.29(b)(1) of the amended statute, a property owner who reduced his tax liability by $600,000 could seek an attorneys' fee award of up to $120,000—an amount equal to twenty percent of the tax savings, as permitted by section 42.29(a)(2). Such an award would not violate the restriction that the fee award not exceed the *total* tax savings ($600,000), as contained in section 42.29(b)(2). The $100,000 cap added in 1997 and contained in section 42.29(b)(1) of the amended statute was intended to, and does, eliminate the possibility of a fee award in excess of $100,000 in any tax appeal.

It is evident that under both the 1991 and current versions of the statute, in no event is the property owner entitled to attorneys' fees in an amount greater than the *total tax savings* achieved as a result of the appeal. The only substantive difference made by the 1997 amendment is the inclusion of a $100,000 cap on attorneys' fees awards in cases in which 20 percent of the tax savings would exceed $100,000. *See* Tax Code § 42.29(b) ("Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of: (1) $100,000; or (2) the total amount by which the property owner's tax liability is reduced as a result of the appeal.") The statute as amended did not alter the already existing restrictions on fee awards, including the restriction that the prevailing property owner is entitled to no more in attorneys' fees than the total amount of tax savings resulting from the appeal. Under the statute as it existed before the 1997 amendment, the Millmeyers would be entitled to an award of attorneys' fees no greater than $225.51, the total amount of tax savings they garnered as a result of their appeal. The statute as amended in 1997

6

contains the same limiting language as its predecessor, and the same result obtains. In this case, the $100,000 cap contained in section 42.29(b)(1) is not implicated, but the Millmeyers, along with all other taxpayers, are still bound by the statutory restriction that the attorneys' fee award not exceed "the total amount by which the property owner's tax liability is reduced as a result of the appeal." *See id.* § 42.29(b)(2).

We reject the Millmeyers' arguments that the statute, so interpreted, violates the Equal Protection and Due Process clauses contained in the Fourteenth and Fifteenth Amendments to the United States Constitution or Article I, section 3 of the Texas Constitution. We presume that the legislature intended for a statute to comply with the United States and Texas Constitutions, to achieve a just and reasonable result, and to advance a public rather than a private interest. Tex. Gov't Code Ann. § 311.021 (West 2005); *Texas Mun. League Intergovernmental Risk Pool v. Texas Workers' Comp. Comm'n*, 74 S.W.3d 377, 381 (Tex. 2002). The Millmeyers bear the burden of proving that section 42.29 is unconstitutional. *See Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 725 (Tex. 1995). The Millmeyers attempt to meet this burden with the bare assertion that because the statute allows higher attorneys' fee awards in cases involving greater tax savings, it "effectively bar[s] all but the rich from the protections afforded by chapter 42 of the Code." We note that section 42.29 does not impinge on a fundamental right or distinguish between persons on a suspect basis and therefore it need only be rationally related to a legitimate governmental purpose to survive the Millmeyers' equal protection challenge. *See Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 451 (Tex. 2000). Courts have previously noted that the intent of the legislature in placing limits on attorneys' fee awards in tax appeals is to limit the exposure for

7

governmental entities in connection with the costs of this type of litigation. *See City of Laredo v. South Tex. Nat'l Bank*, 775 S.W.2d 729, 732 (Tex. App.—San Antonio 1989, writ denied) (evaluating constitutionality of statutory limitations on attorneys' fee awards in property tax appeals). The statute carries out this legitimate governmental purpose by limiting attorneys' fee awards in *all* cases and for *every* property owner in the same manner. In every instance, the court may award the prevailing property owner up to twenty percent of the tax savings achieved so long as that award is not greater than the total amount of taxes saved or $100,000, whichever is less. With respect to the due process challenge, the Millmeyers provide no indication of the manner in which the statute is unconstitutional. We are not persuaded that a statutory limit on the amount of attorneys' fees that can be awarded in a tax appeal carries due process implications. *See Texas Pipeline Co. v. Anderson*, 100 S.W.2d 754, 761-62 (Tex. Civ. App.—Austin 1937, writ ref'd), *cert. denied*, 302 U.S. 724 (1937) (noting that in matters of taxation, due process requirements are satisfied if party assessed is given opportunity to be heard). The Millmeyers have failed to meet their burden of demonstrating that section 42.29 of the Texas Tax Code is unconstitutional.

We hold that the maximum amount of attorneys' fees to which the Millmeyers are statutorily entitled is $225.51.

### *Sufficiency of the Evidence*

By its third issue, the Appraisal District contends that there is no evidence, or factually insufficient evidence, to support the property valuation arrived at by the district court. We disagree. Sharon Millmeyer testified that the Millmeyers paid $87,650 to build the house, that the property had existing improvements worth $1,900, and that there was a metal shed on the property at one time that

8

was worth $419. On cross-examination, she testified to the existence of a septic system worth approximately $4,500. It is well established that a property owner may give an opinion as to the value of her property. *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002); *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984). Though the property owner may be unable to qualify as an expert witness, she may testify as to what she believes the market value of her property to be. *Gulf States Utils. Co.*, 79 S.W.3d at 566. Sharon Millmeyer testified regarding the construction cost of the house and other improvements, and the district court relied on this evidence to arrive at the valuation for the improvements. The record evidence supports the value assigned to the house by the district court. With respect to the land, which the district court valued at $25,000, there was likewise sufficient evidence to support this conclusion, including evidence that the Appraisal District had itself initially valued the land at $25,000. The property consists of fifty feet of waterfront, and the Appraisal District's own witness, Stan Hemphill, testified that land in the area was valued at $500 per waterfront foot. This evidence supports the district court's valuation of the land at $25,000. There is sufficient evidence in the record to support the district court's valuation of the Millmeyer property at $119,219, and we therefore overrule the Appraisal District's third issue.[1]

### The Court's Failure to File Findings of Fact and Conclusions of Law

By its second issue, the Appraisal District complains that the district court's failure to file findings of fact and conclusions of law, despite its timely request, requires that this case be

---

[1] We note the district court apparently made a math error when adding the values assigned to the improvements and the land, arriving at a total value of $119,219 rather than $119,469. The Appraisal District does not, however, complain of this mistake.

reversed and remanded to the district court for specific findings of fact and conclusions of law. The Appraisal District contends that the district court's failure to file findings and conclusions constitutes reversible error because injury is presumed. *Wagner v. Riske*, 178 S.W.2d 117, 120 (Tex. 1944) (stating that trial court must file fact findings and conclusions of law upon request, and failure to do so is presumed harmful). The presumption is rebutted, however, if the record before the appellate court affirmatively demonstrates that no injury resulted from the district court's failure to file findings and conclusions. *Sheldon*, 765 S.W.2d at 845. The test for harm is whether the circumstances of the particular case would require the complaining party to guess the reason or reasons for an adverse ruling. *Id.*

At the conclusion of the trial, the district court stated on the record a reasonably detailed explanation of the basis for its valuation of the Millmeyer property. This explanation is sufficiently specific to identify the reasons for the property value contained in the judgment. Moreover, our holdings discussed above would preclude any finding of harm. We therefore conclude that, in this instance, the Appraisal District was not harmed by the district court's failure to file findings of fact and conclusions of law, and that remanding the cause solely for the purpose of compelling the district court to do so would serve no useful purpose. Consequently, we overrule the Appraisal District's second issue.

## CONCLUSION

Because section 42.29 provides that in no event may attorneys' fee awards in tax appeals filed pursuant to section 42.25 and 42.26 of the Texas Tax Code exceed the amount of tax savings achieved as the result of the appeal, the district court erred in awarding attorneys' fees of

$2,500 for the trial, $5,000 in the event of an appeal to the court of appeals, and an additional $2,500 in the event of a further appeal to the Texas Supreme Court. Rather, the Millmeyers were entitled to an attorneys' fee award of no more than $225.51, the total amount of their tax savings. Consequently, we sustain the Appraisal District's first issue and modify the attorneys' fees portion of the district court judgment to award the Millmeyers attorneys' fees in the amount of $225.51. The Appraisal District's second and third issues are overruled. As modified, the district court judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Puryear

Modified and, as Modified, Affirmed

Filed:   April 2, 2009