# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00059-CV

**Cintas Corporation, Appellant**

**v.**

**Daniel Gomez, Individually, d/b/a Eco Star Lawn & Landscape, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY, NO. C-1-CV-11-001485, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Cintas Corporation (hereafter Cintas) sought to recover liquidated damages under the terms of its uniform rental contract with Daniel Gomez, d/b/a Eco Star Lawn & Landscape (hereafter Gomez). After a bench trial, the trial court rendered a take-nothing judgment against Cintas. We will affirm the judgment.

## BACKGROUND

On February 23, 2009, the parties signed a written rental agreement for services whereby Cintas would personalize uniforms for Gomez and furnish them to Gomez weekly to be worn by his landscaping employees. The contract stated that if Gomez terminated the contract before the sixty-month term expired, or Cintas terminated the agreement for cause, Gomez would pay Cintas an amount based on a formula set out in their agreement. In this suit brought against Gomez, Cintas alleged that Gomez terminated the contract before the term expired. Gomez denied

terminating the contract and alleged the affirmative defenses of waiver, payment, accord and satisfaction, and estoppel.

Gomez admitted that he fell behind in his payments. He testified, however, that he talked to Sharon Reid, the accounts receivable clerk at Cintas, several times about his account and inability to pay. By September 2010, the account became delinquent with a past-due balance of $1,417.79. Gomez testified that Cintas "froze" services until he could get caught up, as had happened at least once before. In November, an attorney for Cintas made written demand on Gomez, stating that due to Gomez's termination of the contract, he was obligated to pay the delinquent balance, liquidated damages for breach of contract of $6,609.58 based on the contractual formula, and attorney's fees.

After Gomez received the attorney's demand letter by regular mail, he called Cintas and spoke to Reid. Reid had been Gomez's sole contact person throughout the contract term. Gomez told Reid that he was experiencing financial difficulties but that after the first of the year he would be able to pay the delinquency so that Cintas could unfreeze the account and resume his services. Gomez had dealt with Reid before when his payments fell behind, and he had arranged to pay his account current and resume services. Reid suggested that they could talk after the first of the year.

On January 3, 2011, Gomez called Reid to pay his delinquent account balance in full, and he requested that Cintas resume uniform delivery services. Gomez testified that Reid said that she would need to talk to her manager to be certain that she could accept payment, and she put Gomez on hold. When she resumed the phone conversation, Reid told Gomez, "Yes, we can accept

2

your payment." Gomez paid $1,475.40 by credit card over the telephone. This was the balance amount Reid had given him, although it was slightly more than the previously stated delinquent sum. Gomez expressed to Reid that he wanted to unfreeze his account and resume services. Although Reid did not expressly state that Cintas would resume service, Gomez testified that she implied to Gomez that they would accept payment so that, as he put it, they could "get squared away and going again." Gomez asked when someone could come inventory the uniforms he had so that they could resume service, and Reid stated that she would get back in touch with him. There was no discussion that Gomez owed additional money or needed to contact Cintas's attorney. After receiving payment, Albert Hernandez, the office manager, sent Gomez an email confirming that Gomez's payment had been approved and thanking him for his order. Nevertheless, although Gomez had paid his past-due balance, Reid never contacted him, and Cintas did not resume service or pick up the uniforms Gomez had.

More than a month after Gomez made his payment, Cintas filed suit to recover liquidated damages for breach of contract and attorney's fees, alleging that Gomez had terminated the contract. Dick Schwab, the general manager, testified that when a customer quits paying, they assume the customer terminated the contract. Gomez denied terminating the contract, testifying that on several occasions he had expressed to Reid that he wished to continue services when he could pay his account current. After hearing the evidence, the trial court rendered a take-nothing judgment against Cintas. Although Cintas timely requested findings of fact and conclusions of law and filed a notice of late filing, none were filed.

3

**DISCUSSION**

Cintas claims in three points of error that the trial court erred by failing to file findings of facts and conclusions of law and by failing to render judgment in favor of Cintas for liquidated damages and attorney's fees.

The trial court's failure to file findings of fact and conclusions of law is ordinarily presumed harmful, unless the record reflects that appellant suffered no harm. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). In reviewing the trial court's failure to file findings of fact and conclusions of law, we are required to determine whether the complaining party suffered harm as a result. *Burnet Cent. Appraisal Dist. v. Millmeyer*, 287 S.W.3d 753, 756 (Tex. App.—Austin 2009, no pet.). The test is whether the circumstances of the case would require the party to guess the reason or reasons for the trial court's ruling. *Id.* (citing *Sheldon Pollack Corp. v. Pioneer Concrete of Tex., Inc.*, 765 S.W.2d 843, 845 (Tex. App.—Dallas 1989, writ denied)). When there is only a single ground of recovery or a single defense, the appellant suffers no harm, because the reason for the trial court's judgment is clear, and the appellate court does not have to guess the reason for the trial court's decision. *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). On the other hand, when there are multiple grounds for recovery or multiple defenses, an appellant is forced to guess what the trial court's findings were, unless they are provided to him. *Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied); *Nevada Gold & Silver*, 225 S.W.3d at 77. Putting the appellant in the position of having to guess the trial court's reasons for rendering judgment against him defeats the inherent purpose of Rules 296 and 297. *Larry F. Smith*, 110 S.W.3d at 614; *see also* Tex. R. Civ.

P. 296, 297. The purpose of a request under the rules is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." *Id*. (citing 6 McDonald & Carlson, Texas Civil Practice § 18:3 (2d ed. 1998)).[1]

Cintas asserts that it must have findings because there are multiple "conceivable defensive theories" or facts that might excuse the customer from its obligations under the contract. It concedes, however, that there were no pleadings, no evidence, and no arguments asserted in the trial court to support any such potential defenses or claims. The record reflects that the only defensive theory asserted was waiver based upon payment.

The facts of the case are straightforward. Cintas alleged at trial that Gomez terminated the contract by failing to pay his charges, thereby triggering the early termination clause entitling Cintas to contractual damages. Gomez responded that he did not terminate the contract and that Cintas waived further damages by accepting his payment.

It is undisputed that Gomez never expressed a wish to terminate the contract. Gomez denied terminating the contract, testifying that he always wanted to continue services once he could become current on his payments, and that he expressed the same to Cintas; it was his position that Cintas terminated the contract. On appeal, Cintas shifts its allegations and adopts the position that Cintas terminated the contract for cause.

---

[1] Cintas also argues that the harm here is incurable, and therefore it is entitled to a new trial. The trial judge (Hon. David Phillips) is still on the bench, however, and the error could be remedied by abating the appeal and directing the trial court to file the needed findings. *See* Tex. R. App. P. 44.4(a)(2).

Regardless whether Gomez terminated the contract by failing to pay for several months or whether Cintas terminated the contract for cause due to Gomez's failure to pay, the liquidated damages set forth in the contract are the same for either situation. The question is whether Cintas waived its right to recover the liquidated contract damages by accepting payment for the delinquent account.

There is evidence that before suit was filed, Gomez contacted the company and was given leave to pay his past-due account balance in full. Cintas contends that there is no evidence that Sharon Reid had authority to waive its claim for liquidated damages by accepting this payment. The evidence shows, however, that Reid did not make this decision. Before accepting payment, she asked permission from her general manager, Albert Hernandez, who gave consent. The manager did not decline Gomez's payment. He did not direct Gomez to contact the attorney, to pay the contract damages as calculated by Cintas, or to pay attorney's fees. Instead, Gomez was informed that the manager gave Reid approval to accept Gomez's payment for the past-due balance on the account, and that she would get back to Gomez as to when the rental services would resume. Shortly thereafter, Hernandez sent Gomez notice that Cintas approved the payment and expressed thanks for his order.

Cintas directs its argument on appeal to Reid's lack of authority to waive the remaining damages but does not address the manager's authority to accept payment and waive damages. The pleadings and evidence reflect that the basis for denying Cintas's claim for liquidated damages due to early termination is waiver. Cintas contends that the trial court erred by not awarding it liquidated damages and attorney's fees, because there is insufficient evidence to support

6

a finding that it waived these claims against Gomez merely by accepting his credit card payment for the overdue account balance. Although an appellate court generally does not rely upon the trial court's oral pronouncements, the record reflects that, in rendering his oral ruling, the trial court stated that the evidence showed Cintas waived its additional damages. We hold that under the facts of this case, Cintas was not harmed by the trial court's failure to file findings of fact and conclusions of law.

Cintas next asserts that the trial court erred by failing to award it liquidated damages and attorney's fees. In effect, and without couching its issue in this manner, Cintas contends that the contract and evidence prove that it is entitled to judgment as a matter of law.

When a party attacks the legal sufficiency of an adverse finding on which he has the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241-42 (Tex. 2001). In reviewing a matter-of-law challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id.* If there is no evidence to support the finding, then the reviewing court will examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* The issue should be sustained only if the contrary proposition is conclusively established. *Id.*

As set forth above, the record contains evidence from which the trial court could find that Cintas waived its right to recover liquidated damages and attorney's fees. Accordingly, we hold that Cintas did not prove that it was entitled to recover these damages as a matter of law.

**CONCLUSION**

We overrule Cintas's points of error and affirm the trial court's judgment.

7

_____

Marilyn Aboussie, Justice

Before Chief Justice Jones, Justices Rose and Aboussie*

Affirmed

Filed:   February 14, 2014

*Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment.  *See* Tex. Gov't Code § 74.003(b).