# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00440-CV

**Raymond Cox, Jr.; Tamesa Cox; and/or All Occupants of 2208 Bellmont, Temple, TX 76504, Appellants**

**v.**

**GMAC Mortgage, LLC; its successors and/or assigns, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
### NO. 74,283, HONORABLE JEANNE PARKER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer case, appellants challenge the trial court's final judgment of possession in favor of GMAC Mortgage, LLC. Appellants assert that the trial court erred by failing to file findings of fact and conclusions of law, by denying their plea in abatement relating to GMAC's pleading, and by determining they were tenants at sufferance of GMAC. For the reasons discussed below, we will affirm the judgment of the trial court.

### Background

Appellants Raymond Cox, Jr. and Tamesa Cox purchased the property on March 26, 2009, at which time they executed a promissory note and deed of trust with lender Cornerstone Mortgage Company in favor of Mortgage Electronic Registration Systems (MERS). The Coxes defaulted on payment of the note, and the property was sold to GMAC in a non-judicial foreclosure

sale on January 2, 2012. GMAC brought this forcible-detainer action in justice court on June 22, 2012, after giving appellants notice to vacate. The justice court granted GMAC possession, and the Coxes appealed to the county court at law. On September 25, 2012, the Coxes filed a plea in abatement, which the county court at law sustained, alleging MERS did not have authority to transfer the property to GMAC. The Coxes filed a separate suit in federal court to determine the title issue.[1] After that suit was dismissed with prejudice by the federal district court, the county court lifted the abatement on December 3, 2014. On April 17, 2015, the county court held a bench trial and subsequently awarded possession to GMAC. The Coxes filed a request for findings of fact and conclusions of law on May 8, 2015, but the trial court did not make any findings of fact or conclusions of law. On May 18, 2015, the Coxes filed a motion for new trial, which was denied. The Coxes filed a notice of past due findings of fact and conclusions of law on June 8, 2015. This appeal followed.

## Discussion

The Coxes bring three challenges to the trial court's final judgment. First, they assert the county court erred by failing to file findings of fact and conclusions of law upon a timely request. Second, the Coxes assert the county court should have sustained their plea in abatement, which alleged GMAC's pleading did not name a proper plaintiff because GMAC no longer owned the property after a 2013 bankruptcy liquidation. They further assert that because GMAC could no longer hold an interest in the property after the liquidation, GMAC no longer had standing to

---

[1] Though no order sustaining the plea in abatement appears in the record, the trial court's subsequent order to lift the abatement makes clear that the plea was sustained.

2

maintain the forcible-detainer suit. Finally, the Coxes challenge the sufficiency of the evidence, asserting the trial court erred by determining they were tenants at sufferance of GMAC because there was no privity of contract.

**Coxes' request for findings of fact and conclusions of law**

In their first issue, the Coxes assert that the trial court erred when it failed to file findings of fact and conclusions of law. The trial court signed its final judgment in favor of GMAC on April 17, 2015. Appellants filed their initial request for findings of fact and conclusions of law with the trial court on May 8, 2015, twenty-one days after the judgment was signed. Accordingly, this request was not timely made to the trial court, and the trial court had no obligation to file any findings of fact or conclusions of law. *See* Tex. R. Civ. P. 296 ("Such request . . . shall be filed within twenty days after judgment is signed.").[2]

Because appellants' request for findings of fact and conclusions of law was untimely, we overrule appellants' first issue.

---

[2] Even if the request had been timely, the record affirmatively shows that appellants did not suffer harm arising from the trial court's failure to make findings. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) ("A trial court's failure to make findings is not harmful error if 'the record before the appellate court affirmatively shows that the complaining party suffered no injury.'" (quoting *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989))). The test for harm is whether the circumstances of the particular case would require the complaining party to guess the reasons for an adverse ruling. *Burnet Cent. Appraisal Dist. v. Millmeyer*, 287 S.W.3d 753, 760 (Tex. App.—Austin 2009, no pet.). The only issue in a forcible detainer suit is possession, and GMAC raised only one legal theory of possession. *See* Tex. R. Civ. P. 510.3(e) (stating possession, not title, is "only issue" in eviction cases); *see also Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). Because there was only one issue before the court and one basis for GMAC's recovery, appellants did not have to guess at the reasons for an adverse ruling. Additionally, appellants' brief reflects that they were able to identify defects and properly present an appeal to this Court. *See* Tex. R. App. P. 44.1(a)(2).

**Denial of plea in abatement and GMAC's standing to maintain suit**

In the Coxes' second issue, they assert that the trial court erred in denying their plea in abatement. Specifically, they assert that GMAC's pleading on file did not name a proper plaintiff because GMAC liquidated its assets in December 2013 after filing bankruptcy, so it no longer existed as a corporate entity and could not be the owner of the property.[3] As such, appellants argue GMAC did not have standing to maintain the suit against them.

This second point of error, for which the Coxes do not cite to any legal authority, seems to conflate the issues of GMAC's standing to bring suit and GMAC's capacity to continue in the lawsuit. "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 2D* § 1559, at 441 (2d ed. 1990)); *see also Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 55–56

---

[3] In their brief, the Coxes cite to a website and, specifically, a "Liquidating Trust Agreement" that lists GMAC as "a named disposing party" in a Chapter 11 bankruptcy liquidation in December 2013. Based on this document, the Coxes claim that GMAC disposed of all of its assets and did not own the property at the time of judgment. This document was not presented at trial or otherwise made a part of the record. Accordingly, the website and documents contained therein are not part of the appellate record, and we may not consider them. *See* Tex. R. App. P. 34.1 (describing contents of appellate record); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.—Austin 2010, pet. denied) ("We are limited to the appellate record provided."); *Burke v. Insurance Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) (noting that documents cited in brief may not be considered by appellate courts if they are not formally included in record on appeal).

(Tex. 2003) (stating failure to pay corporate registration fee affected plaintiff's capacity to sue and did not render claim void).

The Coxes do not argue that the deed of trust or the foreclosure sale to GMAC was void or invalid. GMAC, as purchaser of the home at foreclosure, had a clear interest in the property, sufficient to give it a justiciable interest in the suit at the time of its filing. *See Lovato*, 171 S.W.3d at 848; *see also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993) ("Standing is determined at the time suit is filed in the trial court, and subsequent events do not deprive the court of subject matter jurisdiction." (citing *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991))). The record is clear—and the Coxes do not contest—that GMAC owned the property at the time of filing the suit. Therefore, to the extent the Coxes raised a standing argument, GMAC had a justiciable interest and standing to bring the forcible detainer suit.

To the extent that the Coxes' argument was intended to attack GMAC's capacity to maintain the suit after a liquidation or dissolution, an argument contesting capacity is waived if not raised properly before trial on the merits, and it must be raised in a verified plea "unless the truth of the matter appears of record." *Sibley*, 111 S.W.3d at 56. Appellants claim they raised this issue in a plea in abatement filed "preceding their original answer." They further state that the trial court heard and denied their plea in abatement just before trial on the merits. However, the record does not include any plea or other motion raising this issue before trial nor does it include any hearing or ruling on this issue before trial. The Coxes did file a plea in abatement before their original answer, but that plea was not verified and did not include the capacity issue they raise on appeal. Rather, it involved MERS's authority to transfer the title to GMAC, and indeed, the plea was filed over a

5

year before the alleged date of GMAC's liquidation that forms the basis for the Coxes' complaint. We hold that the Coxes waived any issue relating to defective pleadings because the record does not show the issue was raised before trial, in a verified plea or otherwise, nor does it include any hearing or ruling on this issue by the trial court. *See* Tex. R. App. P. 33.1(a); *Sibley*, 111 S.W.3d at 56 (holding issues of capacity must be properly raised at trial through verified plea); *Mekeel v. United States Bank Nat'l Ass'n*, 355 S.W.3d 349, 353 (Tex. App.—El Paso 2011, pet. dism'd) (noting that all objections to pleadings must be properly raised before trial on merits); *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *5 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (holding plea in abatement waived when not presented before trial on merits).

Because GMAC had standing to bring suit and the Coxes waived any challenge regarding GMAC's capacity, we overrule the Coxes' second issue.

**Sufficiency of the evidence to support GMAC's right to possession**

In their third issue, the Coxes allege that the evidence was insufficient to support GMAC's right to possession. Specifically, they challenge GMAC's right to rely on the tenancy-at-sufferance provision in the deed of trust because GMAC was not in privity of contract with them, and they further assert that GMAC did not prove it had a superior right of possession. We disagree.

Forcible detainer is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). A forcible-detainer action will lie when a person in possession

of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a); *see also Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *1 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.). To prevail, the plaintiff in a forcible-detainer suit need only show sufficient evidence of ownership demonstrating a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787–88 (Tex. 2006) (stating that possession is only issue in forcible-detainer suit and plaintiff need not prove title); *see also* Tex. R. Civ. P. 510.3(e). To establish forcible detainer, GMAC had to prove that: (1) it was the owner of the property in question, (2) appellants occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to appellants' right to possession, (4) GMAC made a written demand for possession in accordance with section 24.005 of the Property Code, and (5) appellants refused to vacate. *See* Tex. Prop. Code §§ 24.002, .005; *Reardean*, 2013 WL 4487523, at *1 (citing Tex. Prop. Code §§ 24.002, .005; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

GMAC's evidence at trial, to which appellants raised no objection, included copies of the Coxes' deed of trust, the substitute trustee's deed conveying the property to GMAC after GMAC purchased the property at the foreclosure sale, and the notice to vacate that GMAC's counsel sent to appellants. The substitute trustee's deed showed that GMAC purchased the property under the terms of the deed of trust after the Coxes' default. The deed of trust also showed that appellants became tenants at sufferance by refusing to surrender possession of the property after it was sold

7

in a foreclosure sale. Further, the copies of the notice mailed by GMAC to the Coxes advised them that their tenancy was being terminated and that they were required to vacate the property. The Coxes did not present any evidence at trial controverting GMAC's evidence of its ownership, nor did they provide any evidence or argument challenging the deed's language providing for tenancy at sufferance. We hold GMAC's evidence was sufficient to support the trial court's judgment of possession of the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd) (considering similar evidence); *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same); *Williams*, 315 S.W.3d at 927 (same); *see also Reardean*, 2013 WL 4487523, at *2 (same).

Accordingly, we overrule the Coxes' third issue.

### Conclusion

Having overruled each of appellants' issues, we affirm the judgment of the trial court.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed: October 7, 2016

8